Case 4:26-cv-01278   Document 7   Filed 03/13/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **YOHANDRY RENDON-VALDES,** § § | |
| Petitioner, § § | |
| VS. § | **CIVIL ACTION NO. 4:26-CV-01278** |
| § § | |
| **KRISTI NOEM,** *et al.*, § § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner Yohandry Rendon Valdes' Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.  BACKGROUND

The following facts are not in dispute. Petitioner is a citizen of Cuba who entered the United States without inspection on March 31, 2021. ECF No. 1, Exh. 1-3. He was detained upon being encountered at the border and released shortly thereafter on April 14, 2021.[1] His Order of Release on Recognizance (ORR) stated that Petitioner was released pursuant to certain conditions, such as that he not associate with known gang members, not commit any crimes, and report to scheduled check ins with Immigration and Customs Enforcement (ICE).

---

[1] Petitioner has provided his Order of Release on Recognizance to the Court and Respondents via email.

1 / 4

Since his release, Petitioner has appeared at all scheduled ICE check-ins and complied with all conditions of his release. ECF No. 1 at ¶ 39. He has no criminal record. *Id*. Nonetheless, Respondents re-detained Petitioner at his regularly scheduled ICE check-in on November 14, 2025. *Id*. at ¶ 21. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

On February 26, 2026, the Immigration Judge (IJ) ordered Petitioner removed to Ecuador, pursuant to the Asylum Cooperative Agreement between the United States and Ecuador. ECF No. 5, Exh. 1. Both Petitioner and the Department of Homeland Security (DHS) reserved the right to appeal. *Id*. Petitioner has filed an appeal with the Board of Immigration Appeals (BIA), and the removal order does not become final until the BIA issues a decision. ECF No. 1 at ¶ 39. His removal proceedings are thus ongoing.

## II.     ANALYSIS

Petitioner argues that his re-detention violates the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the decision in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address his additional claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See*

*Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. In that decision, the Court rejected Respondents' arguments regarding *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003), as to noncitizens like Petitioner, whom ICE previously released on their own recognizance. *Betancourth*, 2026 WL 638482, at *2 ("Because Respondents themselves previously subjected Petitioner to detention and release on recognizance pursuant to § 1226(a), that statute, rather than § 1225(b)(2), provides the proper framework through which to assess Petitioner's procedural due process claim."). The Court declines to reconsider its prior decision on this issue.[2] It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to

---

[2] In reaching the conclusion that Petitioner's detention violates the Due Process Clause, the Court assumes that Petitioner falls within the group of noncitizens subject to mandatory detention under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (2026).

3 / 4

additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 16, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before March 26, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 13, 2026.

_____
Keith P. Ellison
United States District Judge